
RECEIVED
APR 11 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO 10-354 |
| -vs- | JUDGE DRELL |
| JEAN PAUL STROUD | MAGISTRATE JUDGE KIRK |

### RULING and ORDER

Before the Court is Defendant's "Motion to Dismiss Count I of Indictment Based on Unconstitutionality of 18 U.S.C. 922(g)(9) as a Violation of the 2nd Amendment to the United States Constitution Right to Bear Arms." (Doc. 90). The Government has filed an opposition to this motion. (Doc. 103). The issue has been adequately briefed and oral argument is unnecessary.

In support of his motion, Defendant cites U.S. vs. Chester, 628 F.3d 673 (4th Cir. 2010). In Chester, the Fourth Circuit considered the constitutionality of Section 922(g)(9) (prohibition of possessing a firearm by anyone convicted of a crime of domestic violence), held the government must satisfy the test of intermediate scrutiny, and remanded the case. Id. at 683. Upon remand, the Southern District of West Virginia found the government sustained its burden and ruled Section 922(g)(9) to be constitutional. U.S. v. Chester, 2012 WL 456935, *9 (S.D. W. Va. 2012).[1] The

---

[1] The Southern District of West Virginia released its unpublished opinion on February 10, 2012. Defendant filed the present motion on February 1, 2012.

district court's opinion on remand in Chester was based on the Fourth Circuit's decision in U.S. v. Staten, 666 F.3d 154, 168 (4th Cir. 2011) wherein the court found "§ 922(g)(9) satisfies the intermediate scrutiny standard" and was held constitutional. Staten and Chester are consistent with decisions from other federal circuits. See U.S. v. White, 593 F.3d 1199 (11th Cir. 2010); U.S. v. Booker, 644 F.3d 12 (1st Cir. 2011); and U.S. v. Skoien, 614 F.3d 638 (7th Cir. 2010). As to controlling jurisprudence for this Court, the Fifth Circuit, on the facts of one case before it, agreed Section 922(g)(9) may well be constitutional. See U.S. v. Barrett, 254 F.3d 70, 2001 WL 502490 (5th Cir. 2001). We note the single footnote in the Barrett per curiam opinion that the court's ruling "does not intend to imply that a future *de novo* review of the constitutionality of § 922(g)(9) is foreclosed." Id. We assume the reason for the footnote was that the issue of constitutionality of the statute was raised for the first time on appeal and not at the trial court level. Finally, we recognize Barrett is not definitive nor precedential, and we observe that it was not selected for publication, but it is in accord with decisions by other Circuits as discussed above.

For the foregoing reasons, Defendant's Motion to Dismiss Count I of the Indictment (Doc. 90) is hereby **DENIED**, as is his motion to set a hearing on same.

SIGNED on this 11 day of April, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE